**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIM. NO. 25-511** |
| **RODOLFO CUAPA-TEPETL** | : | |

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Kelly Harrell, Assistant United States Attorney, respectfully submits this memorandum in anticipation of the change of plea hearing scheduled before the Court on February 2, 2026.

## I. BACKGROUND

Defendant Rodolfo Cuapa-Tepetl is charged in an indictment with one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a). The defendant has notified the government through his counsel that he wishes to plead guilty to the indictment.

## II. APPLICABLE STATUTE AND ESSENTIAL ELEMENTS OF THE OFFENSE

To obtain a conviction for reentry after deportation, in violation of 8 U.S.C. § 1326(a), the government must prove, beyond a reasonable doubt, the following essential elements:[1]

1. The defendant is an alien;[2]

[1] Section 1326 sets forth a general intent crime and the government need only prove that an alien's act of entering the United States was voluntary. Voluntariness and general intent to enter the country can be inferred from the alien's presence in the United States and need not be alleged in the indictment. *United States v. San Juan-Cruz*, 314 F.3d 384, 390 (9th Cir. 2002); *United States v. Berrios-Centeno*, 250 F.3d 294, 299-300 (5th Cir. 2001).

[2] The term "alien" means any person not a citizen or national of the United States. 8 U.S.C. § 1101(a)(3).

2. The defendant was

   a. denied admission,
   b. excluded,
   c. deported,
   d. removed, or
   e. departed the United States while an order of exclusion, deportation, or removal was outstanding;

3. The defendant thereafter entered, attempted to enter, or was found in the United States; and

4. The defendant did so without having obtained permission from the Attorney General or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

*See United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1996); *United States v. Ortiz-Lopez*, 24 F.3d 53, 55 (9th Cir. 1994).

## III. MAXIMUM PENALTIES

The maximum sentence for a violation of 8 U.S.C. § 1326(a) is two years' imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to one year on Count One. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

## IV. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would introduce evidence to establish the following facts:

The defendant, Rodolfo Cuapa-Tepetl, is a native and citizen of Mexico. There is no indication in the defendant's alien file that he is or ever has been a citizen or national of the United States. As recently as November 6, 2025, as detailed *infra*, the defendant admitted to an ICE (Immigration and Customs Enforcement) deportation officer that he is a Mexican citizen and national who was previously removed from the United States and reentered the United States thereafter by crossing the border without permission.

On June 20, 2011, a United States Border Patrol ("USBP") agent encountered the defendant near Nogales, Arizona. After determining that the defendant was an alien who had unlawfully entered the United States from Mexico, the agent arrested him. At the time of his arrest, the defendant admitted that he was a Mexican citizen and had entered the United States by walking across the border on June 18, 2011. USBP agents initiated expedited removal proceedings and served the defendant with a Form I-860, Notice and Order of Expedited Removal. On June 21, 2011, the defendant was removed "afoot" from the United States to Mexico via the Calexico, California port of entry. Immigration officials executed a Form I-296, Notice to Alien Ordered Removed/Departure Verification, in connection with the defendant's deportation and it contains the defendant's name, signature, photograph, alien number, and fingerprint. The I-296 contains the following warnings: (1) Cuapa-Tepetl was required to request and obtain permission from the Secretary of Homeland Security to reapply for admission to the United States following his deportation, and (2) illegal re-entry was a crime under 8 U.S.C. § 1326 and punishable by two to twenty years' imprisonment. The I-296 is signed by the immigration officials who served the warnings, fingerprinted Cuapa-Tepetl, and witnessed the removal.

On November 6, 2025, the U.S. Marshal's Violent Crimes Fugitive Task Force, with ICE-ERO (Enforcement and Removal Operations) officers, conducted warrant service at an address on the 1100 block of West Airy Street in Norristown, Pennsylvania. At the time, the defendant was the subject of an arrest warrant for rape and related offenses in Lynn, Massachusetts and was wanted by the Massachusetts State Police. Upon arrival at the address, officers observed the defendant standing in front of the address. At that time, the officers exited their vehicle and stated their presence and the purpose of the stop. The defendant fled inside a residence. Officers chased him, shouting "Police" and "Stop." The defendant exited the rear of the residence and continued to flee over fences and adjacent backyards. The officers eventually apprehended the defendant after a short distance and handcuffed him. The defendant verbally identified himself as "Rodolfo Cuapa-Tepetl."

Officers read the defendant his *Miranda* rights, and he agreed to waive them by signing both the English and Spanish-language versions of the Advice of Rights/Waiver of Rights form. The interview was conducted in Spanish. The defendant admitted the following, in summary: (1) his true and correct name was Rodolfo Cuapa-Tepetl; (2) he was born in Mexico and was a citizen of Mexico; (3) he last entered the United States in what he believed was July of 2010 by walking across the desert into Arizona; (4) he was not inspected and admitted by an immigration officer; (5) he did not have any document that permitted him to legally reside in the United States; (6) he was previously removed from the United States; (7) he did not obtain permission from the Secretary of the Department of Homeland Security or the United States Attorney General to reenter the United States after his deportation; and (8) he did not have a fear of persecution or torture should he be removed from the United States. The defendant was also fingerprinted.

A fingerprint expert from the Department of Homeland Security's Forensic Laboratory subsequently confirmed that the fingerprints recorded on the Form I-296 issued at the time of the defendant's first removal in 2011 and the fingerprints taken from the defendant by ICE officials on November 6, 2025 belonged to the same individual. Further, United States Citizenship and Immigration Services (USCIS) has no record of the defendant applying for or receiving permission from the Secretary for the Department of Homeland Security for admission into the United States after the defendant's removal.

## V. CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for the defendant's guilty plea to one count of reentry after deportation, in violation of 8 U.S.C. § 1326(a), as set forth in the Indictment. The facts outlined above would prove the essential elements of the offense beyond a reasonable doubt.

Respectfully submitted,

DAVID METCALF
United States Attorney

*_/s/ Kelly Harrell_*
KELLY HARRELL
Assistant United States Attorney

Dated: January 28, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Change of Plea Memorandum to be served via email on the following:

Mark Wilson, Esq.
Federal Community Defender Office
For the Eastern District of Pennsylvania
Mark_Wilson@fd.org

*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney

Dated: January 28, 2026